# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HIGH TECH PET PRODUCTS, INC., | ) | 1:10-cv-00547 LJO GSA |
| Plaintiff, | ) ) | **ORDER SETTING STATUS CONFERENCE** |
| v. | ) ) | |
| JUXIN PET PRODUCT COMPANY, LTD., JUXIN INTERNATIONAL, INC., JUXIN ELECTRONIC FACTORY, JUN HU aka STEVEN HU, BLONG ELECTRONIC COMPANY, LTD., ELLA LI, GF-BASE TRADING CO., LTD., JASON HE, GOMEWHOLESALE ELECTRONIC TECHNOLOGY CO., LTD., XIAOYUAN WEN, HONGKONG XINSHIQIANG SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD., MIKE TANG, NEW TIDE IMPORT & EXPORT CO., LIMITED, THERESA DONG, SHENZHEN JIAYANG ELECTRONICS CO., LTD., AMY LUO, SHENZHEN TOPFUN ELECTRONIC CO., LTD., HENRY ZHOU, SHENZHEN ARTECH ELECTRONIC CO., LTD., NANCY LIU, KELLY SUN, ALLIANCE OF MANUFACTURER IN HUBEI, YEN HUA WEI, WELLTURN (HONGKONG) INDUSTRIAL CO., LTD., YUYAO HUALUN IMP. & EXP. CO., LTD., HE LI aka MARY HE, HUATUOWEI ELECTRONIC CO., LTD., STEPHEN YI, HUAYANG INTERNATIONAL TRADE LTD., S-ZONE ELECTRONIC LTD., JOY ZENG, SPEED INDUSTRIAL CO., LTD., SUNNIE DU, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | *Status Conference to be held on September 26, 2012, at 1:30 p.m. in Courtroom 10*<br><br>*The Personal Appearances of Plaintiff's Counsel and Nicholas Bonge or a Corporate Representative are Required* |
| Defendants. | ) ) | |

1

## RELEVANT PROCEDURAL BACKGROUND

On March 26, 2010, Plaintiff High Tech Pet Products, Inc., filed a complaint against Defendants Juxin Pet Product Company, Ltd., Juxin International, Inc., Juxin Electronic Factory, Jun Hu aka Steven Hu, and Does 1 through 20. The complaint asserted numerous claims, including but not limited to, claims of unfair competition, trademark infringement, deceptive business practices, and misappropriation of trade secret. (Doc. 1.)

A First Amended Complaint ("FAC") was filed by Plaintiff on September 15, 2010, naming a total of thirty-three separate individual and/or corporate Defendants, in addition to Does 1 through 20. (Doc. 10.) Related thereto, summonses were reissued on September 28, 2010. (*See* Docs. 11-16.)

On January 27, 2011, the Court issued an Order to Show Cause to Plaintiff for its failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 19.) Plaintiff filed its response on January 31, 2011, and the Order to Show Cause was discharged on February 2, 2011. (*See* Docs. 20 & 21.)

On February 2, 2011, Plaintiff was directed to file a status report every thirty days regarding its efforts to effect service upon the Defendants. (Doc. 21 at 2-3.) Following a March status conference regarding the status of service of the named Defendants, a further status conference was scheduled for June 20, 2011. (Doc. 24.)

Eventually, on February 3, 2012, Plaintiff was advised that a deadline of August 3, 2012, had been set by the Court by which Plaintiff was to complete service of process. Further, Plaintiff was directed to provide the Court with a status report every forty-five days detailing its efforts in that regard. (*See* Doc. 34.)

On August 7, 2012, after the deadline for completion of service of process had passed, and Plaintiff had failed to file a timely status report, the Court directed Plaintiff to provide an updated status report concerning its efforts to effect service on all named Defendants no later than noon on August 8, 2012. (Doc. 38.)

On August 8, 2012, Plaintiff filed its status report.  More particularly, Plaintiff reported that, since its prior status report in June, it has forwarded "new document packages to both Hong Kong and mainland authorities with new service fees for the mainland authority," and has sought to obtain specific information concerning the service of "the Juxin defendants (Juxin Pet Product Company, Ltd.; Juxin International, Inc.; Juxin Electronic Factory; and Jun Hu aka Steven Hu)." (Doc. 45 at 1-3.)  Additionally, Plaintiff's counsel explained he has recently suffered the death of a companion, personal illness, the illness of his mother, and the burglary of his home, and that those events caused him to fail to calendar the due date for the status report.  (Doc. 45 at 3, ¶ i.)

On that same date, Plaintiff filed Requests for Entry of Default as to the following six Defendants: He Li; Huatuowei Electronic Co., Ltd.; New Tide Import & Export Co., Ltd.; Shenzhen Artech Electronic Co., Ltd.; Shenzhen Topfun Electronic Co., Ltd.; and Yuyao Hualun Imp. & Exp. Co., Ltd.  (*See* Docs. 39-44.)

**DISCUSSION**

This matter has been pending for nearly than two and a half years.  Because the FAC was filed on September 15, 2010, and the summonses were issued September 28, 2010, service of process was to have been completed by January 26, 2011 (9/28/10 + 120 days = 1/26/11). Because service in this case requires Plaintiff to comply with the Hague Service Convention, and because it appears Plaintiff has been diligent in its efforts, the Court has been patient and accommodating beyond the applicable deadline.  However, the fact remains that a year and a half has passed since the summonses were issued and Plaintiff has not yet completed service.[1]

This Court has a great interest in managing its docket, particularly given the fact it is one of the busiest district courts in the nation.  Moreover, the Court has already expended significant resources on this matter, and yet no appearance has been made by any of the thirty-three named Defendants.  Additionally, of those thirty-three named Defendants, only six of have apparently

---

[1] In the Outline of the 1965 Service Convention, published in 2009, it is noted that "statistical data shows that 66% of requests [for service abroad pursuant to the Hague Convention] are executed within 2 months." http://www.hcch.net/index_en.php?act=publications.details&pid=2765&dtid=28.

been served with the FAC, as reflected by the six requests for the clerk to enter default, filed August 8, 2012.

## ORDER

In light of the foregoing, this Court SETS this matter for a Status Conference to be held on Wednesday, **September 26, 2012, at 1:30 p.m. in Courtroom 10**. *The personal appearances of Plaintiff's counsel James C. Holland, as well as the sole shareholder of High Tech Pet Products, Inc., Nicholas Bonge, or an authorized corporate representative, are required.*

Further, counsel and Mr. Bonge or his authorized corporate representative shall be prepared to address the following at the Status Conference:

1. Their realistic beliefs regarding the possibility of serving the remaining twenty-seven named Defendants before December 31, 2012.  The Court intends to impose December 31, 2012, as the deadline by which all service of process must be completed, without exception; and

2. Their best estimates regarding apportionment of damages amongst the thirty-three named Defendants, and an indication of what proof would be offered at any future prove up hearing.

Lastly, Plaintiff is advised that the Court will not entertain motions for default judgment in a piecemeal fashion.  Rather, once the December 31, 2012, deadline for completing service of process has passed, Plaintiff may then file a single motion for default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as to any and all Defendants against whom the Clerk of the Court has entered default.  Therefore, no motion for default judgment shall be filed before that date.

IT IS SO ORDERED.

Dated:   **August 10, 2012**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE