# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HIGH TECH PET PRODUCTS, INC., | ) | 1:10-cv-00547 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING COUNSEL TO SHOW |
| | ) | CAUSE WHY THIS COURT SHOULD NOT |
| v. | ) | RECOMMEND TO THE DISTRICT COURT |
| | ) | THAT PLAINTIFF'S APPLICATION FOR |
| | ) | DEFAULT JUDGMENT BE DENIED, AND |
| | ) | THE CASE DISMISSED, WITHOUT |
| JUXIN PET PRODUCT COMPANY, | ) | PREJUDICE, FOR LACK OF PERSONAL |
| LTD., et al., | ) | JURISDICTION AND FAILURE TO STATE A |
| | ) | CLAIM |
| | ) | |
| Defendants. | ) | |
| | ) | (Doc. 52) |

## INTRODUCTION

This is a trademark infringement and unfair competition action, brought by a California corporation, High Tech Pet Products, Inc., against thirty-three corporate and individual defendants located in the People's Republic of China.[1]  Plaintiff Hi Tech Pet Products, Inc. ("Plaintiff") designs and manufactures electronic pet fences, which are marketed and sold in the United States.  According to the First Amended Complaint ("complaint"), Plaintiff "seeks to stop acts of unfair competition" by Juxin Pet Product Company, Ltd., Juxin International, Inc., Juxin Electronic Factory, and Jun Hu, the chief executive officer of the Juxin entities.  (Doc. 10, Prelim. Stmt.).  The complaint further alleges that the remaining twenty-nine defendants are

---

[1] The complaint alleges four federal claims and five pendant state-law claims.  The federal claims arise under the Lanham Act, specifically 15 U.S.C. § 1125, and include false designations of origin, false advertising, trademark infringement, and trade dress infringement claims.  The state-law claims arise under California Business and Professions Code § 17200, *et seq.* and § 17500, *et seq.*, and include unfair business practices, deceptive business practices, unlawful business practices, misleading advertising, and misappropriation of trade secrets claims.

1

companies "believed to be secondary wholesalers and contributory infringers" and their respective "legal representatives."[2] (Doc. 10, Prelim. Stmt.).

On March 4, 2013, Plaintiff filed the instant Application for Default Judgment by Court, seeking a default judgment and a permanent injunction against six of the named defendants: Huatuowei Electronic Co., Ltd.; New Tide Import & Export Co., Ltd.; Shenzhen Artech Electronic Co., Ltd.; Shenzhen Topfun Electronic Co., Ltd.; Yuyao Hualun Import & Export Co., Ltd.; and He Li, "Legal Representative" of Yuyao Hualun Import & Export Co, Ltd. (Doc. 52). The Juxin entities are not among the defendants against whom Plaintiff seeks a default judgment, as Plaintiff was unable to locate and/or serve those entities in China.

**PROCEDURAL BACKGROUND**

On March 26, 2010, Plaintiff filed an initial complaint against Juxin Pet Product Company, Juxin International, Inc., Juxin Electronic Factory, Jun Hu and Does 1-20. (Doc. 2). On September 15, 2010, Plaintiff filed a First Amended Complaint listing fifteen additional corporate defendants and fourteen additional individual defendants.

Plaintiff determined that every defendant named in the First Amended Complaint was "domiciled or lives in the People's Republic of China." (Doc. 25). As detailed in periodic status reports filed with this Court, Plaintiff undertook extensive efforts to serve the defendants through the Chinese Ministry of Justice, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* Federal Rule of Civil Procedure 4(f)(1). The Plaintiff encountered problems on several fronts: in obtaining accurate Mandarin Chinese translations of the legal documents to be served; in obtaining correct addresses for various defendants for purposes of service of process; and in communicating with the

---

[2] The complaint lists the following defendants: Juxin Pet Product Company, Ltd.; Juxin International, Inc.; Juxin Electronic Factory; Jun Hu aka Stephen Hu; Blong Electronic Company, Ltd.; Ella Li; GF-Base Trading Co., Ltd.; Jason He; Gomewholesale Electronic Technology Co., Ltd.; Xiaoyuan Wen; Hongkong Xinshiqiang Science and Technology Co., Ltd.; Mike Tang; New Tide Import & Export Co., Ltd.; Theresa Dong; Shenzhen Jiayiyang Electronics Co., Ltd.; Amy Luo; Shenzhen Topfun Electronic Co., Ltd.; Henry Zhou; Shenzhen Artech Electronic Co., Ltd.; Nancy Liu; Kelly Sun; Alliance of Manufacturer[s] in Hubei; Yin Hua Wei; Wellturn (Hongkong) Industrial Co., Ltd.; Yuyao Hualun Import and Export Co., Ltd.; He Li aka Mary He; Huatuowei Electronic Co.; Ltd.; Stephen Yi; Huayang International Trade Ltd.; S-Zone Electronic Ltd.; Joy Zeng; Speed Industrial Co., Ltd.; Sunnie Du; Does 1-20.

relevant departments within the Chinese Ministry of Justice.  (Docs. 25, 30, 33, 35, 36, 37, 45). The Court allowed Plaintiff well over two years to resolve these difficulties, setting a final deadline of December 31, 2012 for completion of service of process on defendants.  On January 15, 2013, Plaintiff's counsel informed the Court that several defendants located in China remained unserved, and that Plaintiff intended to seek entry of default against the few defendants who had been properly served.[3]  (Doc. 50).

On August 8, 2012, Plaintiff filed requests for entry of default against five corporate defendants (Huatuowei Electronic Co., Ltd.; New Tide Import & Export Co, Ltd.; Shenzhen Artech Electronic Co., Ltd.; Shenzhen Topfun Electronic Co., Ltd.; Yuyao Hualun Import & Export Co., Ltd.) and one individual defendant (He Li).  (Docs. 39-44).  The Clerk entered default against all six defendants on August 9, 2012.  (Doc. 46).  Thereafter, Plaintiff filed the instant application for default judgment.

## DISCUSSION

### I.   Personal Jurisdiction

**A.   *The Court's Sua Sponte Consideration of Personal Jurisdiction***

As a preliminary matter, this Court must determine whether it has personal jurisdiction over the five corporate and one individual defendant against whom the Clerk has entered default.[4]  "In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed.R.Civ.P. 12(h)(1)).  However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."[5]  *Id.*  "To avoid entering a default judgment that can later be

---

[3] Regarding service of process on the defaulted defendants, Plaintiff has filed certificates of service provided by the Chinese Central Authority (i.e., the Chinese Ministry of Justice), as required by the Hague Convention, attesting that defendants were served in conformity with the Hague Convention.  The certificate pertaining to Defendant Yuyao Import & Export Co., Ltd., is unsigned, but the Court assumes, for purposes of this order only, that all defaulted defendants were properly served.

[4] Plaintiff must dismiss out the defendants against whom default has not been entered, pursuant to Rule 41, Fed. R. Civ. P., before this Court may grant any default judgment in this matter.

[5] This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 of the Lanham Act, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

3

successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id.*; *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1522 (9th Cir. 1983) (court correct in not entering default judgment where it lacked personal jurisdiction against defendants); *DFSB Kollective Co., Ltd. v. Bing Yang*, 2012 WL 1835710, *2-3 (N.D. Cal. May 21, 2012) (ordering plaintiffs, on motion for default judgment, to show cause why the magistrate should not recommend to the district court that the matter be dismissed for lack of personal jurisdiction).

### B.     *The Standard For Determining Personal Jurisdiction*

Generally, personal jurisdiction over a nonresident defendant is proper if it is permitted by the forum's long-arm statute and the exercise of that jurisdiction does not violate federal due process (as determined through the familiar "minimum contacts" analysis).

Plaintiff asserts that it has jurisdiction over all named defendants, including the defaulted defendants, pursuant to Rule 4(k)(2), Fed.R.Civ.P. Under Rule 4(k)(2), a federal court, in federal question cases, obtains personal jurisdiction upon foreign defendants who are otherwise not subject to jurisdiction in any state but who have minimum contacts with the *United States as a whole* ("national contacts"). *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). To establish personal jurisdiction based on a defendant's aggregated national contacts under Rule 4(k)(2), a plaintiff must prove three factors: (i) the cause of action arises under federal law; (ii) the defendant is not subject to the personal jurisdiction of *any* state court of general jurisdiction; and (iii) the federal court's exercise of personal jurisdiction comports with due process.[6] *See* Rule 4(k)(2), Fed.R.Civ.P.; *Pebble Beach Co.*, 453 F.3d at 1158-1159; *Holland America Line Inc.*, 485 F.3d at 461.

In effect, Rule 4(k)(2) "amounts to a federal long arm statute," and, like its state-created counterparts, it requires compliance with due process requirements. *Glencore Grain Rotterdam*

---

[6] Rule 4(k)(2)(Federal Claim Outside State-Court Jurisdiction) provides:
For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.

*B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002). The difference between Rule 4(k)(2) and a state long-arm statute, in this respect, is simply that the litigation forum is the United States, not the particular state, and the due process analysis is conducted pursuant to the Fifth Amendment rather than the Fourteenth Amendment. *See* 4A Charles A. Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1068.1 (3d. ed. 2002). The due process analysis under both Rule 4(k)(2) and state long-arm statutes requires that a defendant who is not present in the forum have "minimum contacts" with the forum such that the assertion of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."[7] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted); *see Pebble Beach Co.*, 453 F.3d at 1155. Courts must assess each defendant's "minimum contacts" with the forum separately. *Calder v. Jones*, 465 U.S. 783, 791 (1984).

Applying the "minimum contacts" analysis, a court may obtain either general jurisdiction over a defendant, or jurisdiction that is specific to the allegations in the complaint. "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); *also see Glencore Grain Rotterdam B.V.*, 284 F.3d at 1124 (general jurisdiction may be exercised if the contacts with the forum are the kind of "continuous and systematic" contacts that "approximate physical presence"). A court may exercise specific jurisdiction over a foreign defendant if that defendant's "less substantial contacts" with the forum give rise to the cause of action before the court. *Doe v. Unocal Corp.*, 248 F.3d at 923. The question is "whether the cause of action arises out of or has a substantial connection" with the defendant's activities in the forum."[8] *Id.* (internal quotation marks and citation omitted).

---

[7] Although *International Shoe v. Washington* interpreted the Fourteenth Amendment due process clause, courts have held it provides important guidance in determining whether due process is satisfied under the Fifth Amendment due process clause. *See, e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997).

[8] The Ninth Circuit applies a three-element test for analyzing claims of specific jurisdiction:
(1) The non-resident defendant must purposefully direct his activities at, or consummate some transaction with, the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits

One of the defendants against whom Plaintiff seeks a default judgment is an individual, He Li, whom the complaint characterizes, on information and belief, as the "Legal Representative" of one of the corporate defendants, Yuyao Hualun Import & Export Co., Ltd. (Doc. 10, ¶ 27). Jurisdiction over individual officers of a corporation does not automatically follow from jurisdiction over the corporate employer. *Davis v. Metro Productions, Inc.,* 885 F.2d 515, 520 (9th Cir. 1998) (nonresident officers are not subject to personal jurisdiction in the forum by their "mere association" with the "corporation that causes injury in the forum"). For the Court to exercise personal jurisdiction over an individual corporate officer, the requirements of the applicable long-arm statue–here, Rule 4(k)(2)–and due process must be met. To satisfy due process, an individual defendant must have sufficient "minimum contacts," in his or her individual capacity, with the litigation forum. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *also see Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984). Alternatively, in order for the court to assert jurisdiction over nonresident corporate officers without sufficient individual contacts, there must be a compelling reason for the court to exercise its equitable powers to "pierce the corporate veil" and attribute the corporation's contacts to its officers. A court may do so when the officers, acting in their official capacities, personally engaged in allegedly tortious acts expressly aimed at the litigation forum. *Davis v. Metro Productions*, *Inc.*, 885 F.2d. at 521; *also see Calder v. Jones*, 465 U.S. at 789-790.

### C.  *Plaintiff's Burden and Standard of Proof Regarding Personal Jurisdiction*

A plaintiff bears the burden of showing that a defendant is subject to the forum court's jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In the context of a motion for default judgment, "although plaintiffs retain the burden of proving personal jurisdiction, they can satisfy that burden with a *prima facie* showing," and "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they

---

and protections of its laws;
(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.
*See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

6

can otherwise obtain."[9] *Mwani, et al. v. Bin Laden, et al.*, 417 F.3d 1, 7 (D.C. Cir. 2005) (internal quotation marks and parentheses omitted). In order to make a prima facie showing, the plaintiff must produce "facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted). In evaluating whether a prima facie case is pled, only "well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Plaintiff is seeking a default judgment against five corporate and one individual defendant. Plaintiff must make a prima facie showing, based on individualized and specific facts, that the requirements of Rule 4(k)(2) are met as to each defendant. Plaintiff has satisfied the first requirement of Rule 4(k)(2) by bringing its primary claims under a federal statute, namely the Lanham Act, 15 U.S.C. § 1051, *et seq*. However, the instant record is devoid of any factual allegations pertaining to whether each defendant is subject to personal jurisdiction in any state, and whether each defendant, individually, has sufficient contacts with the United States to allow this Court to exercise jurisdiction under Rule 4(k)(2). *See* Rule 4(k)(2), Fed. R. Civ. P.

Plaintiff's complaint simply asserts that "Rule 4(k)(2) provides for jurisdiction in this case, inasmuch as Defendants transact business throughout the United States." (Doc. 10, ¶ 37). Plaintiff applies this bare, conclusory statement to all thirty-three corporate and individual defendants, including the six defaulted defendants, collectively. The complaint further asserts, on "information and belief," that the named corporate defendants maintain interactive websites, without providing any details regarding these alleged websites and any web-based interactions between specific defendants and residents of the United States. (Doc 10). The complaint's conclusory allegations are insufficient to support this Court's exercise of general or specific personal jurisdiction over the defaulted defendants, as they fail to show that these foreign defendants have sufficient contacts with the United States. Plaintiff's application for default judgment and its supporting affidavits add no germane details to the factually deficient

---

[9] If a court takes evidence on the issue of personal jurisdiction, or rules on the personal jurisdiction question in the context of a trial, a heightened, preponderance of the evidence standard applies. *Mwani, et al.*, 417 F. 3d at 7.

complaint. The Court therefore finds that the second and third requirements of Rule 4(k)(2) are not presently satisfied with respect to any of the defaulted defendants.

In sum, although this case has been pending now for three years, the present factual record before the Court is virtually barren for purposes of assessing whether the Court has personal jurisdiction over any of the defendants against whom default has been entered. On the record before it, the Court concludes that Plaintiff has not made a prima facie showing that the Court has personal jurisdiction over these defendants.[10]

## II.   Sufficiency of the Complaint

Assuming that Plaintiff is able to augment the factual record sufficiently to establish personal jurisdiction over the defaulted defendants–which at best will be difficult to do as Plaintiff has to start from the ground up–a default judgment would nonetheless not be warranted. Whether to grant a default judgment is within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Among the factors to be considered before entry of a default judgment is the sufficiency of the complaint. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). In considering Plaintiff's instant motion for default judgment, the Court has reviewed the First Amended Complaint. The Court finds that entry of default judgment is not warranted because the complaint fails to state a claim against any of the defaulted defendants upon which relief may be granted.

The Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S.662 (2009), set forth a "plausibility" standard which a complaint must meet to sufficiently state a claim. While not a probability requirement, *Twombly* and *Iqbal's* plausibility standard requires a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 550 U.S. at 678. Rather than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 and 570. After *Twombly* and *Iqbal,* a complaint cannot simply allege the plaintiff's entitlement to relief; rather, it has to demonstrate the plausibility of any claimed entitlement with

---

[10]Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3).

relevant facts.  In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true, while legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  *Iqbal*, 566 U.S. at 678.

While *Twombly* and *Iqbal* both considered the sufficiency of a complaint in the context of a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, they are controlling for purposes of a default judgment as well.  "Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. Of N. Am.,* 980 F.2d 1261, 1267 (9th Cir 1992); *accord DIRECT*V*, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir, 2007) (a defendant does not admit facts that are not well-pleaded or conclusions of law); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (claims which are not well-pleaded are not binding and cannot support a default judgment).  After *Twombly* and *Iqbal*, a complaint that raises only conceivable claims, rather than plausible ones, cannot support a default judgment.

Here, Plaintiff is required to allege sufficient facts to show the plausibility of its allegations of trademark infringement and unfair competition against the defaulted defendants.  While Plaintiff has alleged a few, bare facts against one of the "Juxin" defendants named in the complaint (Doc. 10, ¶¶ 46-47, ¶51, and Exhibit B), there are no well-pled factual allegations whatsoever with respect to any wrongful acts specifically and separately committed by any of the defaulted defendants.  The complaint simply lists conclusory allegations against all defendants *collectively*.  It consists of little more than a formulaic recitation of the elements of the asserted claims, bereft of well-pled facts raising the claims above mere speculation.  The Court, therefore, finds that the operative complaint fails to state a valid claim of action against any defaulted defendant.[11]  A default judgment is not warranted in this matter.[12]

---

[11] Were Plaintiff to seek leave to file an amended complaint, Plaintiff would have to re-serve defendants with the amended documents for the latter to supercede the existing complaint.  *See* Fed. R. Civ. P. 15(B)(3).

[12] The Court notes that Plaintiff's application for default judgment is, for its part, also inadequate.  With respect to liability, a defendant's default does no more than concede the complaint's factual allegations.  Plaintiff retains the burden to demonstrate that the uncontroverted allegations of the complaint, without more, establish the defendant's liability on each asserted cause of action.  Plaintiff's Application for Default Judgment counts as a

9

**CONCLUSION**

Accordingly, the Court orders Plaintiff to show cause, in writing, by April 26, 2013, why this Court should not recommend to the District Court that Plaintiff's Application for Default Judgment be denied and the case dismissed, without prejudice, for lack of personal jurisdiction and failure to state a claim on which relief may be granted. Failure to respond to this Order to Show Cause will result in a recommendation that this action be dismissed in its entirety.[13]

IT IS SO ORDERED.

Dated:   **March 27, 2013**                         /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

motion pursuant to Rule 7(b)(1), Fed. R. Civ. P. As such, it should contain points and authorities to show that the factual allegations in the complaint satisfy the necessary elements of each claim so as to entitle Plaintiff to relief thereon. Plaintiff's application for default judgment does not even attempt to do so.

[13] As an alternative to responding to this Order to Show Cause, Plaintiff may submit dispositional documents pursuant to Rule 41, Fed. R. Civ. P., voluntarily dismissing this action without prejudice.